Andrew D. La Fiura (Pennsylvania SBN. 307891)
JACKSON LEWIS P.C.
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, Pennsylvania 19102-1317
Tel:   (267) 319-7802
Fax:  (215) 399-2249
E-mail:        andrew.lafiura@jacksonlewis.com

Jared L. Bryan (SBN. 220925)
Vandana Kapur (SBN. 281773)
JACKSON LEWIS P.C.
5000 Birch Street, Suite 5000
Newport Beach, California 92660
Tel:   (949) 885-1360
Fax:  (949) 885-1380
Email:         Jared.Bryan@jacksonlewis.com
               vandana.kapur@jacksonlewis.com

Attorneys for Defendants
QUALITY SYSTEMS, INC. and NEXTGEN HEALTHCARE INFORMATION SYSTEMS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| TRACI WOLBERT,<br><br>    Plaintiff,<br><br>    vs.<br><br>QUALITY SYSTEMS, INC. NEXTGEN HEALTHCARE INFORMATION SYSTEMS, and DOES 1 through 10, INCLUSIVE,<br><br>    Defendants. | CASE NO. CV-8:15-cv-00550-JLS-RNB<br><br>[Assigned to the Hon. Josephine L. Staton, Courtroom 10A ; Magistrate Judge Robert N. Block, Courtroom 6D]<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE**<br><br>*[Filed concurrently with Notice of Motion and Motion, Declarations in Support, and [Proposed] Order]*<br><br>Date:          October 23, 2015<br>Time:         2:30 p.m.<br>Courtroom:  10A<br><br>Complaint Filed: April 8, 2015<br>FAC Filed: May 4, 2015 |

/ / /

/ / /

I.  INTRODUCTION ........................................................................................................ 1
II. STATEMENT OF RELEVANT FACTS ................................................................... 1
    A. Background .......................................................................................................... 1
    B. Harassment & Retaliation Allegations ................................................................. 2
    C. Procedural History ............................................................................................... 3
III. ARGUMENT .............................................................................................................. 4
    A. Legal Standard ..................................................................................................... 4
    B. This matter could have been brought in the Eastern District of Pennsylvania ...................................................................................................... 4
    C. Transferring this matter to Pennsylvania will be convenient for the parties, witnesses and will promote the interests of justice. ............................ 5
        1. Pennsylvania is more convenient for the parties ............................... 6
        2. Pennsylvania is more convenient for the witnesses .......................... 6
        3. Evidence will be easier to access in the Eastern District .................. 8
        4. Plaintiff's Choice of Forum should be given no weight .................... 8
        5. Other Factors ..................................................................................... 9
IV. CONCLUSION ......................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Catch Curve, Inc. v. Venali, Inc.* (C.D.Ca 2006),
　2006 U.S. Dist. LEXIS 96379 ................................................................................9

*In re Apple, Inc.* (8th Cir. 2010),
　602 F.3d 909 ..........................................................................................................9

*Int'l Shoe Co. v. Washington* (1945),
　326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 ............................................................5

*Los Angeles Mem. Coliseum Comm. v. Oakland Raiders, Ltd.* (C.D. Cal. 1981),
　89 F.R.D. 497 ........................................................................................................6

*Metz v. U.S. Life Ins. Co. et. al.* (C.D. CA 2009),
　674 F.Supp. 2d 1141 .............................................................................................4

*Sacody Technologies v. Avant, Inc.* (S.D.N.Y. 1994),
　862 F.Supp. 1152 ..................................................................................................5

*Saleh v. Titan Corporation et. al.* (S.D.Ca 2005),
　361 F.Supp. 2d 1152 .............................................................................................4

*Williams v. Bowman* (N.D. Cal. 2001),
　157 F. Supp. 2d 1103 ...............................................................................5, 8, 9, 10

**FEDERAL STATUTES**

28 U.S.C. 1332 ..........................................................................................................4

28 U.S.C. 1332(a) .....................................................................................................4

28 U.S.C. § 1391(b)(2) .............................................................................................5

28 U.S.C. § 1404(a) .....................................................................................1, 2, 4, 10

*Federal Rules of Civil Procedure* - Rule 45 ............................................................8

*Federal Rules of Civil Procedure* - Rule 45(c)(1)(A) and 45(c)(2)(A) ....................8

**STATE STATUTES**

42 Pa. Cons. Stat. Ann. § 5322(b) ....................................................................................5

Title VII of the Civil Rights Act of 1964................................................................4

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Quality Systems, Inc. ("QSI") and NextGen Healthcare Information Systems, LLC ("NextGen") submit the following Memorandum of Points and Authorities in support of their motion to transfer venue of this matter from the Central District of California to the Eastern District of Pennsylvania.

## I. INTRODUCTION

This is an employment discrimination matter arising out of Traci Wolbert's ("Plaintiff") termination as a Director of Program Management for Defendant NextGen, which is a wholly owned subsidiary of Defendant QSI. Plaintiff alleges that she was sexually harassed by her supervisor, Steve Puckett, and then terminated in January 2015 in retaliation for complaining about it to human resources in August 2014.

In a clear example of forum shopping, Plaintiff has filed this lawsuit in California despite the fact that she resides in Pennsylvania, she worked in Pennsylvania, the alleged harm occurred in Pennsylvania, the vast majority of the witnesses reside in Pennsylvania and her attorneys are located in Pennsylvania. As discussed more fully below, this matter should therefore be transferred to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

## II. STATEMENT OF RELEVANT FACTS[1]

### A. Background

Among other things, Defendants develop and market computer-based medical practice management and electronic health records solutions. Defendants are both incorporated and have their principal places of business in California. Amended Cmpl. at ¶¶3-4.

Plaintiff was hired as a sales executive by Defendant NextGen in 2002. *Id*. at ¶12. Plaintiff was at all times a citizen and resident of Pennsylvania. *Id*. at ¶2. In the spring of 2013, Plaintiff began reporting to Mr. Puckett, Defendant QSI's Chief Technology Officer ("CTO"). *Id*. at ¶17. Plaintiff worked primarily out of her home in Philadelphia,

---

[1] Defendants' factual recitation is limited to those facts relevant to the venue issue.

1  PA.  Declaration of Steven Puckett ("Puckett Declaration") at ¶7.  When she was not
2  working at home, Plaintiff worked out of her office in Defendant Nextgen's Horsham,
3  PA location.  *Id*.
4      At all relevant times, Mr. Puckett was a resident and citizen of the state of Florida.
5  *Id*. ¶2.   Although Plaintiff reported to Mr. Puckett, their interactions were almost
6  exclusively over the telephone, email and/or text messages.  *Id*. at ¶8.  In fact, Plaintiff
7  and Mr. Puckett were only in each other's physical presence approximately 20 times and
8  the vast majority of these personal encounters took place in Philadelphia or Horsham,
9  PA.  *Id*. at ¶¶9-10.  Mr. Puckett and Plaintiff were never in each other's physical presence
10 in the state of California.  *Id*. at ¶10.

11      **B.    Harassment & Retaliation Allegations**

12      According to Plaintiff, Mr. Puckett began sexually harassing Plaintiff shortly after
13 her transfer in the spring of 2013.  Amended Cmpl. at ¶22.  In particular, Plaintiff alleges
14 that Mr. Puckett made various requests over email and text messages that Plaintiff travel
15 with him to Paris, India and a condominium he owns in New Orleans for non-work
16 related purposes.  Plaintiff also claims that from January 2014 until March 2014, Mr.
17 Puckett repeatedly pressured her to relocate with him to Irvine, California.  *Id*. at 27.
18 Finally, Mr. Puckett also allegedly sent Plaintiff additional inappropriate text messages
19 that were "sexual and harassing in nature" and behaved in an inappropriate manner at
20 unspecified company functions they "routinely attended" in various cities.  *Id*. at ¶22-25.

21      On or about August 25, 2014, Plaintiff complained via telephone about Mr. Puckett
22 to Donna Greene in Defendant QSI's human resources department located in Irvine,
23 California.  Plaintiff had subsequent telephone calls with Ms. Greene in September 2014
24 further detailing Mr. Puckett's alleged conduct.  *Id*. at ¶37-38.

25      On October 1, 2014, Mr. Puckett learned from two of Plaintiff's co-workers, Dr.
26 Robert Murry and Lisa Carden, that Plaintiff was exhibiting serious performance issues.
27 Puckett Declaration at ¶11.  This conversation occurred during a conference in Chicago,
28 Illinois.  *Id.*   Then, on October 9, 2014, Plaintiff was informed via a telephone call from

Ms. Greene that eight of Defendants' employees had filed complaints against her arising out of her poor management style. Amended Cmpl. at ¶39. On October 10, 2014, Plaintiff's team of approximately thirty-five people was removed from her supervision. She was told that she would have a new position and would now be reporting to Ben Mehling, not Steve Puckett. She was informed of these decisions by Ms. Greene and Mr. Puckett over the telephone. Amended Cmpl. at ¶40. Upon information and belief, Plaintiff was in Pennsylvania at the time of the telephone call. Puckett Declaration at ¶12.

On October 20, 2014, Plaintiff sent a letter to Defendant QSI's Board of Directors requesting an independent investigation into Mr. Puckett's and Ms. Greene's alleged actions, which she believed were in retaliation for her complaint of harassment about Mr. Puckett in August 2014. Amended Cmpl. at ¶44. In response, Defendants retained an outside investigator to conduct the investigation. Plaintiff met with the investigator on November 6, 2014 at Defendant QSI's Irvine, California office. Amended Cmpl. at ¶46. Upon information and belief, Plaintiff's counsel, Ronald Greenblatt and Patricia Pierce, were in attendance at the interview and engaged in extensive communications with the investigator throughout the investigation. Plaintiff's attorneys are based in Philadelphia and, upon information and belief, neither are residents of California.

On or about December 18, 2014, Plaintiff learned that her work was being evaluated. Amended Cmpl. at ¶49. According to Plaintiff, this review was being conducted as part of the "effort to manufacture a record of poor performance . . . in order to justify her termination." Amended Cmpl. at ¶50. On January 30, 2015, Plaintiff was terminated over the telephone by Mr. Mehling. Amended Cmpl. at ¶54.

### C. Procedural History

On April 8, 2015, Plaintiff filed her complaint in this Court alleging claims for sexual harassment, failure to investigate and retaliation under FEHA and termination in violation of California public policy. On April 20, 2015, this Court issued an Order for Plaintiff to Show Cause as to why the case should not be dismissed for lack of subject

matter jurisdiction due to Plaintiff's failure to properly allege the parties' citizenship or the amount in controversy pursuant to 28 U.S.C. 1332(a).  On May 4, 2015, Plaintiff filed her Amended Complaint which, other than correcting these apparent jurisdictional errors, remained the same in all other respects.  The Parties agreed to extend Defendants' time to respond to the Amended Complaint until August 31, 2015.  Defendants submitted their Answer on August 31, 2015 and now move to transfer venue to the Eastern District of Pennsylvania.

Plaintiff also filed a claim with the Philadelphia office of the Equal Employment Opportunity Commission ("EEOC") alleging that Defendants' violated Title VII of the Civil Rights Act of 1964.  That action remains pending.

### III. ARGUMENT

#### A. Legal Standard

28 U.S.C. §1404(a) states that "for the convenience of the parties and witnesses in the interest of justice, a district court may transfer any civil action to any other district court where it might have been brought."  The analysis under 1404(a) requires two steps. First, the moving party must show that the transferee district is a district in which the matter "might have been brought." Second, the Court must consider whether transferring the case would be convenient for the parties and witnesses in the interest of justice. *See* 28 U.S.C. §1404(a) (2015); *Saleh v. Titan Corporation et. al.*, 361 F.Supp. 2d 1152, 1155 (S.D.Ca 2005).

#### B. This matter could have been brought in the Eastern District of Pennsylvania

The first step requires the moving party to show that the transferee district has subject matter jurisdiction, personal jurisdiction and that venue would be proper. *Metz v. U.S. Life Ins. Co. et. al.*, 674 F.Supp. 2d 1141, 1145 (C.D. CA 2009).  Here, these requirements are easily met.  First, the Eastern District of Pennsylvania could have exercised subject matter jurisdiction based on the diversity of the parties pursuant to 28 U.S.C. 1332.  *See* Amended Cmpl. at ¶8.  Second, the Eastern District of Pennsylvania

can exercise personal jurisdiction over the parties since Plaintiff is a Pennsylvania resident and since both Defendants, although California corporations, have sufficient contacts with Pennsylvania such that exercising personal jurisdiction over them would not "offend traditional notions of fair play and substantial justice."[2] 42 Pa. Cons. Stat. Ann. § 5322(b); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (internal quotation marks and citation omitted).

Finally, venue is proper in the Eastern District of Pennsylvania because a "substantial part of the events or omissions giving rise to the claim occurred" in Pennsylvania. 28 U.S.C. § 1391(b)(2). Plaintiff currently lives in Pennsylvania. She also lived and worked in Pennsylvania while she was allegedly receiving harassing telephone calls, emails and text messages. *Sacody Technologies v. Avant, Inc.*, 862 F.Supp. 1152, 1157 (S.D.N.Y. 1994) (The standard set forth in § 1391(a)(2) may be satisfied if a communication was "transmitted to or from the district in which the cause of action was filed, given a sufficient relationship between the communication and the cause of action."). In addition, she was allegedly demoted and then terminated over the telephone while she was presumably located in Pennsylvania. Puckett Declaration at ¶12.

As a result, the first step in the change of venue analysis has been met because this matter "might have been brought" in the Eastern District of Pennsylvania.

### C. Transferring this matter to Pennsylvania will be convenient for the parties, witnesses and will promote the interests of justice.

Courts evaluate the following factors in deciding the second step of the change of venue analysis: (1) convenience of the parties; (2) convenience of the witnesses; (3) ease of access to the evidence; (4) any local interest in the controversy; (5) the relative court congestion and time of trial in each forum and (6) a plaintiff's choice of forum. *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001). In this case, virtually

---

[2] Among other things, Defendants employ over 500 individuals in Pennsylvania and have countless customers in Pennsylvania. *See* Declaration of Jane Kurcon at ¶5.

all of the above factors strongly favor transferring this matter to Eastern District of Pennsylvania.

### 1. Pennsylvania is more convenient for the parties

First, and perhaps most obviously, Plaintiff is a resident of Philadelphia, Pennsylvania making the Eastern District of Pennsylvania clearly the most convenient forum for her purposes. Second, all of the attorneys in this case (with the exception of local counsel) are from Philadelphia – mere minutes from the Eastern District of Pennsylvania. Thus, transferring this matter to the Eastern District of Pennsylvania will enable the parties to dispense with the cost of local counsel and cut travel time for the parties and their attorneys from 6 hours by airplane to 6 minutes by taxi cab. Finally, although Defendants' decision-makers are located primarily in California, they frequently travel to Pennsylvania so attending Court appearances, mediations and depositions will not be any inconvenience.

### 2. Pennsylvania is more convenient for the witnesses

"The convenience of witnesses is . . . the most important factor in passing on a transfer motion." *Los Angeles Mem. Coliseum Comm. v. Oakland Raiders, Ltd.*, 89 F.R.D. 497, 501 (C.D. Cal. 1981). Here, Defendants intend to argue, among other things, that Plaintiff was not sexually harassed by Mr. Puckett, that a thorough investigation of her complaint was conducted and that her termination was for legitimate business reasons unrelated to any complaint Plaintiff made to Defendants' human resources department or Board of Directors. Defendants believe that the following individuals will be critical witnesses to their defense. Each individual's state of residence is listed, along with a general description of their anticipated testimony.

1. Plaintiff, <u>Pennsylvania</u>. Plaintiff will provide testimony regarding her claims and damages.
2. Mr. Puckett, <u>Florida</u>. Mr. Puckett will testify regarding Plaintiff's allegations of harassment and Plaintiff's work performance.

3. Laura Anderson, <u>Pennsylvania</u>. Ms. Anderson will provide testimony regarding Plaintiff's poor performance.

4. Russ Hill, <u>Pennsylvania</u>. Mr. Hill will provide testimony regarding Plaintiff's poor performance.

5. Dawn Sowash, <u>Pennsylvania</u>. Ms. Sowash will provide testimony regarding Plaintiff's poor performance.

6. Diane Spengel, <u>Pennsylvania</u>. Ms. Spengel will provide testimony regarding Defendants' work environment and Plaintiff's work performance.

7. Alicia Carden, <u>North Carolina</u>. Ms. Carden will provide testimony regarding Plaintiff's poor performance.

8. Dr. Robert Murry, <u>New Jersey</u>. Dr. Murry will provide testimony regarding Plaintiff's poor performance.

9. Ben Mehling, <u>California</u>. Mr. Mehling will provide testimony regarding Plaintiff's poor work performance.

10. Donna Greene, <u>California</u>. Ms. Greene will provide testimony regarding Plaintiff's complaints of harassment and the company's investigation.

11. Ronald Greenblatt, Plaintiff's counsel, <u>residence unknown</u>. Mr. Greenblatt was present during Plaintiff's interview(s) with Defendants' third party investigator and can provide testimony regarding the thoroughness of the investigation.

12. Patricia Pierce, Plaintiff's counsel, <u>residence unknown</u>. Ms. Pierce participated in the third-party investigation and can provide testimony regarding the thoroughness of the investigation.

Kurcon Declaration at ¶4. In other words, of the 12 critical witnesses identified above, five of them reside in Pennsylvania. Of the remaining seven witnesses, five of them live in states considerably closer to Pennsylvania than California (New Jersey, Florida and

CV-8:15-cv-00550-JLS-RNB    7    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE

North Carolina).³ Furthermore, the only two witnesses who actually reside in California will not be difficult to produce for depositions and/or trial. Specifically, Donna Greene remains an employee of Defendants and is therefore within their control. Ben Mehling, although a former employee, has been cooperative to date, and has already submitted an affidavit regarding his knowledge of the case. *See* Affidavit of Benjamin Mehling attached as Exhibit A to the Declaration of Andrew D. La Fiura.

In sum, this factor – which Courts consistently note is the most important factor in the change of venue analysis – weighs entirely in favor of transferring this case to the Eastern District of Pennsylvania.

### 3. Evidence will be easier to access in the Eastern District

In general, Rule 45 of the Federal Rules of Civil Procedure sets a strict 100-mile geographic limitation on subpoenas seeking the production of deponents or physical evidence. *See* Fed. R. Civ. Proc. 45(c)(1)(A) and 45(c)(2)(A). Here, virtually all of the relevant party and non-party witnesses and the physical evidence in their possession are located within the Eastern District of Pennsylvania. In addition, Plaintiff worked out of Horsham, Pennsylvania, which is where her personnel records are physically located. Kurcon Declaration at ¶7. Moreover, Plaintiff is seeking emotional distress damages, making her medical records highly relevant to her damages. Amended Cmpl. at pp. 15-16. Presumably, Plaintiff's medical providers are within 100 miles of her Philadelphia residence and therefore within the subpoena power of the Eastern District of Pennsylvania and well outside the subpoena power of this Court.

### 4. Plaintiff's Choice of Forum should be given no weight.

Generally speaking, the plaintiff's choice of forum is given substantial weight in determining the appropriate venue. *Williams v. Bowman*, 157 F.Supp. 2d 1103 (N.D. CA 2001). The plaintiff's choice is given less weight, however, where the plaintiff is not a resident of the chosen forum or where the forum lacks any significant connection to the

---

³ We are presuming that Ms. Pierce and Mr. Greenblatt, whose offices are located in Philadelphia, reside closer to Pennsylvania than California.

acts giving rise to the litigation. *Catch Curve, Inc. v. Venali, Inc.*, 2006 U.S. Dist. LEXIS 96379 (C.D.Ca 2006); s*ee also In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010) (foreign plaintiff's choice of forum is "entitled to substantially less deference" because there is less reason to assume convenience and an increased risk of forum shopping). In addition, "[i]f there is any indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference." *Williams*, 157 F.Supp. at 1106 (citations omitted);.

Here, Plaintiff's decision to file her complaint approximately 3,000 miles away from her residence and place of employment represents obvious forum shopping. Plaintiff is not a resident of California, she did not work in California and no events of any significance occurred in California. Her choice of venue in the Central District of California should be given virtually no weight.

### 5. Other Factors

The final two factors to consider are any local interest in the controversy and court congestion. First, the local interest in this controversy is stronger in the Eastern District of Pennsylvania since it is where Plaintiff lived, worked and was allegedly harmed. It is also where almost all of the witnesses live and where the attorneys work and reside. Other than the fact that Defendants are incorporated and physically based in California, the Central District of California has no connection to this matter whatsoever.

Second, there is greater docket congestion in the Central District of California than the Eastern District of Pennsylvania. Based on the internal records of the United States Judiciary, as of March 2015, the Central District of California had a total of 12,571 pending cases compared to 9,352 pending cases in the Eastern District of Pennsylvania. *See United States District Court – Judicial Caseload Profile* (visited August 31, 2015).[4] In addition, the judgeships in the Central District of California currently have more filings and pending matters than the judgeships in the Eastern District of Pennsylvania.

---

[4] See: http://www.uscourts.gov/statistics-reports/caseload-statistics-data-tables (relevant excerpts and explanations of terms attached to the Declaration of Andrew D. La Fiura)

*Id*. Finally, the Central District reports nearly double the amount of weighted filings as the Eastern District Court of Pennsylvania. *Id*.

## IV. CONCLUSION

For all these reasons, a transfer of this action is appropriate and will serve the convenience of the Parties and witnesses and promote the interests of justice. Defendants respectfully request that their motion be granted and that this matter be transferred to the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1404(a).

Dated:  September 18, 2015            JACKSON LEWIS P.C.


                                      By:   */s/Andrew D. La Fiura*
                                      Andrew D. La Fiura
                                      Jared L. Bryan
                                      Vandana Kapur

                                      Attorneys for Defendants
                                      QUALITY SYSTEMS, INC. and NEXTGEN HEALTHCARE INFORMATION SYSTEMS, LLC

# CERTIFICATE OF SERVICE

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CASE NAME:   TRACI WOLBERT vs. QUALITY SYSTEMS, INC., ET AL.

CASE NUMBER:   CV-8:15-cv-00550-JLS-RNB

I am employed in the County of ORANGE, State of California.  I am over the age of 18 and not a party to the within action; my business address is 5000 Birch Street, Suite 5000, Newport Beach, CA  92660.

On September 18, 2015, I served following document(s) described as:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE**

on the parties in this action listed below in the manner designated below:

**PLEASE SEE ATTACHED SERVICE LIST**

☒   **BY NOTICE OF ELECTRONIC FILING**.  The above-listed counsel have consented to electronic service and have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document was filed, and which constitutes service pursuant to FRCP 5(b)(2)(D).

☒   **FEDERAL**  I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 18, 2015, at Newport Beach, California.

            _/s/ Lisa Uyesugi_
             Lisa Uyesugi

## SERVICE LIST

| | |
|---|---|
| Sharon Rachel Vinick, Esq.<br>LEVY VINICK BURRELL HYAMS LLP<br>180 Grand Avenue, Suite 1300<br>Oakland, CA  94612 | **Co-Counsel for Plaintiff,<br>TRACI WOLBERT**<br><br>Tel:   (510) 318-7700<br>Fax:   (510) 318-7701<br>Email:        sharon@levyvinick.com |
| Patricia V. Pierce, Esq.<br>GREENBLATT PIERCE ENGLE FUNT AND FLORES<br>123 South Broad Street, Suite 2500<br>Philadelphia, PA  19109 | **Co-Counsel for Plaintiff,<br>TRACI WOLBERT**<br><br>Tel:   (215) 735-1600<br>Fax:   (215) 735-1660<br>Email:        p.pierce@gpeff.com |

4824-8141-3416, v.  1