JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 15-550-JLS (RNBx)                              Date:  November 10, 2015
Title:  Traci Wolbert v. Quality Systems Inc et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

   Terry Guerrero                                     N/A
    Deputy Clerk                                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

  Not Present                                    Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER RE: DISMISSAL OF THIS ACTION**

     On April 8, 2015, Plaintiff Traci Wolbert filed the instant action against Defendants Quality Systems, Inc. and Nextgen Healthcare Information Systems.  (*See* Compl., Doc. 1.)  Because Wolbert has repeatedly failed to demonstrate that subject matter jurisdiction exists in this matter, the Court DISMISSES the action.

     Wolbert filed a Complaint against Defendants on April 8, 2015, asserting that this Court may properly exercise diversity jurisdiction over this matter.  (*See* Compl. ¶ 7.)  On April 20, 2015, the Court ordered Wolbert to show cause why this case should not be dismissed for lack of subject matter jurisdiction.  (Order, Doc. 11.)  The Court noted that the Complaint failed to adequately allege (1) the citizenship of all parties and (2) the required amount in controversy.  (*Id*. at 1-2.)  As to the citizenship of the corporate defendants in this case, the Court instructed that a corporation is a citizen of *both* the state where it has its "principal place of business" and the state in which it is incorporated.  (*Id*. at 1, citing 28 U.S.C. § 1332(c)(1).)  Because Wolbert had failed to allege both the principal place of business *and* the state of incorporation for the corporate defendants, the Court gave Wolbert the opportunity to respond or file an amended complaint that properly invoked the Court's jurisdiction.

     On May 4, 2015, Wolbert filed a First Amended Complaint, again asserting that this Court may properly exercise diversity jurisdiction over this matter.  (*See* FAC, Doc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-550-JLS (RNBx)                              Date:  November 10, 2015

Title:  Traci Wolbert v. Quality Systems Inc et al.

12.)  However, Wolbert failed to remedy the jurisdictional issues noted by the Court. Although the FAC alleges that both Defendants have their principle place of business in Irvine, California, the FAC does not allege where either Defendant is incorporated.  (*See* FAC ¶¶ 3-4.)  Accordingly, Wolbert has failed to demonstrate that diversity jurisdiction exists in this matter.  *See Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970) (holding that the plaintiff failed to demonstrate diversity jurisdiction when it alleged a corporation's principle place of business but not its state of incorporation).

The party asserting diversity jurisdiction bears the burden of proving its existence. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (citing *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961)).  Where the asserting party fails to demonstrate the existence of subject matter jurisdiction, the Court must dismiss the action.  *See Fifty Assocs.*, 446 F.2d at 1189 ("A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court . . . must dismiss the case, unless the defect be corrected by amendment." (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)). Dismissal is particularly warranted here, where Plaintiff failed to demonstrate subject matter jurisdiction even after the Court provided a roadmap for her amended complaint.

Accordingly, the Court DISMISSES this action for failure to demonstrate the existence of subject matter jurisdiction.

Initials of Preparer:  tg